IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-63 |
| | § | |
| PORFIRIO ALVARADO-SANTILLAN, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Porfirio Alvarado-Santillan's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 16, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by a representative of the Federal Public Defender's Office, Frank Henderson. The Government was represented by Ernest Gonzalez.

Porfirio Alvarado-Santillan was sentenced on December 19, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas/Sherman Division after pleading guilty to the offense of Reentry of Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Porfirio Alvarado-Santillan was subsequently sentenced to 16 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include deportation proceedings, financial disclosure, testing and treatment for substance abuse, and $100

special assessment. On June 6, 2019, Porfirio Alvarado-Santillan completed his period of imprisonment and began service of the supervision term.

According to ICE records, Defendant was previously deported from the United States to Mexico on June 24, 2009, May 23, 2011, August 6, 2013, September 18, 2014, and June 6, 2019. Defendant has never obtained consent for reapplication for admission into the United States from the Secretary of the Department of Homeland Security. On January 31, 2020, this case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On October 6, 2020, the U.S. Probation Office executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 32, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) Defendant "must not commit another federal, state, or local crime"; and (2) if Defendant is ordered deported from the United States, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 32 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: "On January 4, 2020, [D]efendant was arrested by the Plano Police Department and charged with the misdemeanor offense of Possession of Drug Paraphernalia. While in custody, [D]efendant was encountered by immigration authorities who determined that [D]efendant was an undocumented alien without any documents allowing him permission to enter the United States legally. Records indicated that [D]efendant had been previously deported/excluded from the United States on six previous

occasions and has multiple state convictions as well as two federal convictions for reentry after deportation" [Dkt. 32 at 1, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition. Having considered the Petition and the plea of true to both allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of twelve (12) months of imprisonment, such term of imprisonment to run consecutive to any term of imprisonment imposed in Cause No. 4:20-CR-51(1), with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 30th day of December, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE